IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NUMBER 9:98-CR-16-RC** |
| | § | |
| **LAWRENCE WILLIAM FRANKLIN** | § | |
| **(1)** | | |

**REPORT AND RECOMMENDATION ON PETITION FOR
WARRANT FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender under Supervision" filed April 27, 2009, alleging that the defendant, Lawrence William Franklin, violated his conditions of supervised release. This matter is referred to the undersigned United States Magistrate Judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n. 1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(1) and Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.    The Original Conviction and Sentence

Defendant was sentenced on April 12, 1999, by United States District Judge Howell Cobb, after pleading guilty to the offense of Use and Carry of a Firearm During and in Relation to a Drug Trafficking Crime, a Class D felony. The offense carried a mandatory sentence of 60 months of imprisonment. Judge Cobb sentenced Defendant to 60 months of imprisonment followed by a 3-year term of supervised release.

## II. The Period of Supervision

Defendant completed his period of imprisonment and began serving his term of supervised release on April 27, 2006.

### III. The Petition

United States Probation Officer Adam Graves filed the Petition for Warrant for Offender under Supervision raising three allegations.  The petition alleges that Defendant violated the following conditions of release:

**Allegation 1** (mandatory conditions):  The defendant shall not commit another federal, state or local crime.  The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.  It is alleged that Defendant fired a shotgun at two males occupying a vehicle in Corrigan, Texas, on April 14, 2009.

**Allegation 2** (standard condition 1):  The defendant shall not leave the judicial district without permission of the Court or probation officer.  It is alleged that Defendant traveled to and resided in Corrigan, Texas, without permission.

**Allegation 3** (standard condition 2):  The defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.  It is alleged that Defendant submitted a report on April 8, 2009 with an untruthful response to a question concerning whether he had traveled outside of the district without permission.

### IV. Proceedings

On September 10, 2020, the undersigned convened a hearing pursuant to FED. R. CRIM. P. 32.1 to hear evidence and arguments on whether the Defendant violated his conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement had been reached as to a recommended disposition regarding the petition.  The Defendant agreed to plead "true" to Allegation 2 in the petition.  In addition, the parties agreed that the Defendant should be sentenced to a term of imprisonment of 12 months followed by no further supervised release.

### V. Applicable Law

According to 18 U.S.C. § 3583(e)(3), a court may revoke a term of supervised release and require a defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than 3 years if such offense is a Class B felony, more than 2 years if such offense is a Class C or D felony, or more than 1 year in any other case.  The original offense of conviction here was a Class D felony; therefore, the maximum sentence is 2 years of imprisonment.

According to U.S.S.G. § 7B1.1(a),[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervision by leaving the judicial district without permission or failing to truthfully report as alleged in the petition, Defendant will be guilty of committing a Grade C violation.  With Defendant's original criminal history category of IV, the applicable guideline range for a Grade C violation is 6 to 12 months of imprisonment.  If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervision by possessing a firearm as alleged in the petition, Defendant will be guilty of committing a Grade B violation.  With Defendant's original criminal history category of IV, the applicable guideline range for a Grade B violation is 12 to 18 months of imprisonment.  If the Court finds by a

---

[1] All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *see also United States v. Price*, 519 Fed.Appx. 560, 562 (11th Cir. 2013).

preponderance of the evidence that Defendant violated his conditions of supervision by discharging a shotgun at two males as alleged in the petition, Defendant will be guilty of committing a Grade A violation.  With Defendant's criminal history category of IV, the applicable guideline range for a Grade A violation is 24 to 30 months of imprisonment, capped by the statutory maximum of 24 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least 1 month but not more than 6 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.  According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than 6 months but not more than 10 months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.  According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such

4

unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment.  The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  18 U.S.C. § 3583(h); U.S.S.G. § 7B1.3(g)(2).

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstances of the offense and the history and characteristics of the defendant. (18 U.S.C. § 3553(a)(1))

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. (18 U.S.C. § 3553(a)(2)(B)–(D))

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced.  (18 U.S.C. § 3553(a)(4) and 28 U.S.C. § 994(a)(3))

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced. (18 U.S.C. § 3553(a)(5))

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.  (18 U.S.C. § 3553(a)(6))

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Analysis

The Defendant pled "true" to Allegation 2 in the petition that alleges that he violated a standard condition of release by leaving the judicial district without permission.  Based upon the Defendant's plea of "true" to this allegation in the Petition for Warrant or Summons for Offender under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of his supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e).  The Defendant's violation is a Grade C violation, and his criminal history category is IV.  The policy statement range in the Guidelines Manual, read together with the applicable statutory maximum sentence, is 6 to 12 months of imprisonment.  Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.  The sentencing objectives of punishment, deterrence and rehabilitation, together with the aforementioned statutory sentencing factors, will best be served by a prison sentence of 12 months with no further supervised release.

## VII. Recommendation

It is recommended that the Court find that the Defendant violated a standard condition of release by leaving the judicial district without permission.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.

Defendant should be sentenced to a term of 12 months of imprisonment with no further supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is recommended that the Court include a recommendation to the Bureau of Prisons to designate Defendant to a facility near Houston, Texas, to facilitate family visitation.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights on the record and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is, therefore, recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be imprisoned for a period of 12 months with no further supervised release.

So ORDERED and SIGNED this 11th day of September, 2020.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

7